IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
:
SEYED ALI SEYED TOTONCHI, :
: CASE NO. 1:07 CV 0256
Plaintiff, :
: ORDER & OPINION GRANTING THE
-vs- : PLAINTIFF'S MOTIONS TO STRIKE
: AND DENYING THE DEFENDANT'S
EMILIO GONZALEZ, et al., : MOTION TO DISMISS
:
Defendants. :

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because the merits of the plaintiff's claims are not at issue on a motion to dismiss, this Order is limited to addressing two discrete issues: (1) whether the Court has subject matter jurisdiction to consider the merits of the plaintiff's claims, and (2) whether the plaintiff has failed to state a claim upon which relief can be granted.

On 30 January 2007, plaintiff Seyed Ali Seyed Totonchi commenced this action seeking mandamus, declaratory and injunctive relief based on the alleged failure of the United States Citizenship and Immigration Services ("CIS") to adjudicate his application for adjustment of status filed on 6 March 2006. (Docket No. 1). The complaint names as defendants Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services; Alberto Gonzales, Attorney General of the United States; Michael Chertoff, Secretary, Department of Homeland Security; and Robert S. Mueller, III, Director, Federal Bureau

of Investigation.  Id.    The defendants motion the Court to dismiss the plaintiff's complaint on the grounds that (1) the Court lacks subject matter jurisdiction, and (2) the plaintiff has failed to state a claim for which relief may be granted.  (Docket No. 9).  Mr. Totonchi filed a memorandum objecting to the defendants' motion (Docket No. 11), and the defendants untimely filed their reply brief, entitled "Supplemental Motion to Dismiss." (Docket No. 12).  Without leave of the Court, Mr. Totonchi filed a surreply, entitled "Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss."  (Docket No. 14).  This Court will consider both the defendants' untimely reply and the plaintiff's surreply, but will disregard the declaration attached to the defendants' reply brief for the reason explained below.

The plaintiff filed a motion to strike an affidavit and fact sheet attached to the defendants' motion to dismiss (Docket No. 10), and another motion to strike a declaration attached to the defendants' reply brief (Docket No. 13).  In both motions, the plaintiff properly argues that the documents may not be considered by the Court in its determination of the defendants' Rule 12 motion.  The defendants did not object to either motion to strike, and the motions will be granted.

For the reasons that follow, the defendants' motion to dismiss will be denied.

**I. BACKGROUND**

Plaintiff Seyed Ali Seyed Totonchi, a citizen of Iran, came to the United States on 29 March 2001 on an H-1B visa to work as a medical researcher for a Cleveland-area hospital.  (Docket No. 1 (hereinafter "Compl.") ¶ 13).  The hospital filed two subsequent H-1B petitions on the plaintiff's behalf, changing his employment to a medical resident in general surgery and enabling him to remain and work in the United States until 29

2

March 2007.[1]  Id.  Mr. Totonchi married his wife Nazly Pashmini in Iran on 27 March 2001.  Id. at Ex. A.

On 6 March 2006, Ms Pashmini's employer filed an I-140 Immigrant Petition for Alien Worker on behalf of Ms Pashmini.[2]  Id. at ¶ 15.  On the same day, Mr. Totonchi and Ms Pashmini each filed with CIS I-485 applications to adjust their permanent resident status.  Id.  A Form I-140 petition is an application filed on behalf of a non-citizen by their employer, petitioning for the non-citizen worker to become a permanent resident in the United States.  A Form I-485 is the adjustment of status application filed by a non-citizen seeking to adjust his or her status to one with lawful permanent residency.  In this instance, Ms Pashmini's I-485 petition may be granted upon approval of the I-140 petition, and Mr. Totonchi may be entitled to permanent resident status based on his marriage as a beneficiary of the approved I-140 petition.

The I-140 petition for Ms Pashmini was approved by CIS on 3 May 2006, and her I-485 petition was approved on 17 August 2006.  Id. at ¶ 16.  CIS has not yet adjudicated Mr. Totonchi's I-485 application.  Id. at ¶ 17.  In response to inquiries by the plaintiff and his counsel regarding the status of his petition, CIS stated his application is on hold pending a security background check.  Id.

## II.  STANDARD OF REVIEW

When deciding a motion to dismiss under Rules 12(b)(1) and 12(b)(6), the Court

---

[1] The plaintiff has not apprised the Court of his current immigration status.

[2] The plaintiff's complaint does not state when Ms Pashmini moved from Iran to the United States.

3

must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The purpose of a motion to dismiss is to allow the defendant to test the legal sufficiency of a complaint without subjecting himself or herself to discovery. Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)(explaining that the long-standing "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) was a "negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.").

### III. ANALYSIS

The defendants move this Court to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a valid claim pursuant to Rule 12(b)(6).

**A. Federal Question Jurisdiction**

The plaintiff's complaint asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction" or "§ 1331")), 28 U.S.C. § 2201 ("Declaratory Judgment Act"), 5 U.S.C. § 555 and § 701 et. seq. ("Administrative Procedure Act" or "APA"), and 28 U.S.C. § 1361 ("Mandamus Act"). "When subject matter jurisdiction is challenged under 12(b)(1) . . . the plaintiff has the burden of

proving jurisdiction in order to survive the motion." Rogers v. Stratton Indus., 798 F.2d 913, 915 (6th Cir. 1986).

Title 28 U.S.C. § 1331 confers federal question jurisdiction in this Court to adjudicate the plaintiff's claims brought pursuant to the APA.[3] Section 1331 provides district courts with original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim arises under a law of the United States when the plaintiff's well-pleaded complaint shows that the cause of action is based on federal law. Cobb v. Contract Transport, Inc., 452 F.3d 543, 548 (6th Cir. 2006). There are two exceptions to this well-pleaded complaint rule: "(1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or (2) the claim is wholly insubstantial and frivolous." Id. (quoting, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998), internal quotation marks omitted).

The APA is a federal statute which provides that individuals who suffer a legal wrong or are otherwise adversely affected by an agency action or an agency's failure to act are entitled to judicial review. Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 61 (2004) (citing 5 U.S.C. § 702, § 706(1), and § 551(13)). The APA further mandates

---

[3] See Duan v. Zamberry, 2007 WL 626116 (W.D. Pa. Feb. 23 2007) ("This Court now joins the majority and holds that jurisdiction is proper under the APA and 28 U.S.C. § 1331 to compel [CIS] to adjudicate an application for adjustment to permanent status." Internal citation and quotation marks omitted.); Salehian v. Novak, 2006 WL 3041109 *2 (D.Conn. Oct. 23 2006)(finding federal question jurisdiction under § 1331 over the plaintiffs' claims raised pursuant to the APA); Alkenani v. Barrows, 356 F.Supp.2d 652, 656-657 (N.D. Tex. 2005)(same); Saleh v. Ridge, 367 F.Supp.2d 508, 511-512 (S.D.N.Y. 2005)(same); Kim v. Ashcroft, 340 F.Supp.2d 384, 388-389 (S.D.N.Y. 2004)(same); Bartolini v. Ashcroft, 226 F.Supp.2d 350, 354 (D.Conn. 2005)(same). Cf. Singh v. Still, 470 F.Supp.2d 1064 (N.D.Cal.,2007) (finding subject matter jurisdiction over the plaintiffs' APA claims by concluding that the plaintiff satisfied the elements required for jurisdiction under the Mandamus Act); Yu v. Brown, 36 F.Supp.2d 922 (D.N.M. 1999) (same).

that agencies shall "proceed to conclude a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). As the plaintiff's APA claims turn on this Court's determination of whether CIS failed to act within the meaning of the statute, or whether CIS is proceeding to adjudicate the petitions within a reasonable time pursuant to the statute, the plaintiff's claims arise under a law of the United States. Further, neither of the exceptions to the well-pleaded complaint rule are applicable here. Accordingly, the Court has federal question jurisdiction to adjudicate the plaintiff's claims pursuant to § 1331.

To the extent the plaintiff seeks declaratory judgment, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. Heydon v. MediaOne of Southeast Michigan, Inc., 327 F.3d 466, 470 (6th Cir. 2003). Instead, the Act "provides courts with discretion to fashion a remedy." Id. Accordingly, this Court will disregard the plaintiff's assertion of jurisdiction on this ground.

With respect to jurisdiction under the Mandamus Act, a writ of mandamus is an extraordinary remedy available to plaintiffs only where they have a clear and certain claim; the agency has a non-discretionary duty to act; and the plaintiffs lack an alternative remedy for relief. Patel v. Reno, 134 F.2d 929, 931 (9th Cir. 1998). In this case, the plaintiff has an alternative remedy for relief under the APA which authorizes judicial review of CIS's alleged failure to act or unreasonably delayed action. Accordingly, the plaintiff does not satisfy the third element and the Court lacks jurisdiction to grant relief pursuant to the Mandamus Act.

**B. Judicial Review under 8 U.S.C. § 1252**

The defendants' motion asserts that 8 U.S.C. §§ 1252(a)(2)(B)(i) and (ii) and § 1252(g) strip this Court of jurisdiction to hear the plaintiff's claim. Sections 1252(a)(2)(B)(i) and (ii) limit a court's jurisdiction to review "any judgment regarding the granting of relief" in certain immigration proceedings, or "any [discretionary] decision or action of the Attorney General or the Secretary of Homeland Security. . . ." As Mr. Totonchi is not challenging a judgment or a decision, but rather asking this Court to compel a judgment or decision, §§ 1252(a)(2)(B)(i) and (ii) are not applicable in this case.

Section 1252(g), entitled "Judicial Review of Orders of Removal," also limits judicial review in certain immigration proceedings, but it is narrowly interpreted to "appl[y] only to three discrete actions that the Attorney General may take: [his] 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" Mustata v. U.S. Dept. of Justice, 179 F.3d 1017, 1020 (6th Cir. 1999) (quoting Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471 (1999)). Reno explains that § 1252(g) is a provision limiting judicial review of certain proceedings "which represent the initiation or prosecution of various stages in the deportation process." 525 U.S. at 483. As Mr. Totonchi is not involved in deportation proceedings, but instead seeks judicial review of his application for naturalization, § 1252(g) is not applicable in the present case.

**C. Claim Ripe for Review**

In support of their Rule 12(b)(1) motion, the defendants assert that the plaintiff's

7

claim is not ripe for judicial review. The issue of ripeness is a question of timing, since courts lack subject matter jurisdiction to hear claims which are raised prematurely. Norton v. Ashcroft, 298 F.3d 547, 554 (6th Cir. 2002). The ripeness doctrine "prevent[s] the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580 (1985) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967), internal quotation marks omitted). In determining whether a claim is ripe for adjudication, the Court weighs three factors: (1) the probability that the harm alleged by plaintiff will occur; (2) the sufficiency of the factual record to produce a fair adjudication of the merits; and (3) the hardship to the plaintiff if judicial relief is denied at this stage in the proceedings. Adult Video Ass'n. v. U.S. Dept. of Justice, 71 F.3d 563, 568 (6th Cir. 1995).

In the present case, the plaintiff's claim is ripe for review. First, the harm alleged by the plaintiff has already come to pass. The plaintiff alleges that CIS has failed to timely respond to his I-485 petition and that such "interminable delay has left Plaintiff's life in limbo," by depriving him of lawful permanent residence. (Compl. ¶ 23). The plaintiff further alleges that this purported unreasonable delay has resulted in mounting legal expenses and additional CIS filing fees. Id. Second, as explained below, the factual record is sufficiently developed to allow for adjudication, since the plaintiff's complaint sufficiently sets forth facts, which if proven true, may entitle him to relief. Finally, the plaintiff will bear hardship if judicial review is denied at this stage of the litigation because, in the absence of a final decision from CIS, he has no other means by which to challenge CIS's alleged failure to timely adjudicate his petition. "[T]he danger posed by non-reviewability is the 'unfettered discretion to relegate aliens to a

8

state of limbo leaving them to languish there indefinitely." Duan v. Zamberry, 2007 WL 626116 (W.D. Pa. Feb. 23, 2007) (quoting Kim v. Ashcroft, 340 F.Supp.2d 384, 393 (S.D.N.Y. 2004), internal quotation marks omitted).

**D. Failure to State a Claim**

Having found subject matter jurisdiction over the plaintiff's claims, this Court must determine whether the plaintiff has presented enough facts to state a claim for relief that is plausible on its face.[4] See Bell Atlantic Corp., 127 S.Ct. at 1974. In evaluating the sufficiency of the complaint, the Court shall "construe the complaint liberally in the plaintiff[s'] favor and accept as true all factual allegations and permissible inferences therein." Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

To prevail on his claim under the APA, the plaintiff must demonstrate that CIS failed to adjudicate his I-485 petitions "within a reasonable time." 5 U.S.C. § 555(b). The plaintiff's complaint alleges that CIS unreasonably delayed its adjudicative duties by failing to conduct a background investigation and by failing to render a final decision on his petition in the seven months since the petition was first filed.[5] To determine the reasonableness of an agency's delayed performance, the Court considers the reason for the delay, including the complexity of the investigation and to what extent the agency caused the delayed performance. Reddy v. Commodity Futures Trading Com'n, 191

---

[4] Although the defendants' motion to the Court seeks a dismissal pursuant to Rule 12(b)(6), the supporting memorandum offers no argument or legal analysis in support of a Rule 12(b)(6) dismissal. Nevertheless, the Court will consider whether the plaintiff has made a claim upon which relief may be granted.

[5] The Court notes that as of the date of this order, the plaintiff's petition has been pending for nearly fifteen months.

F.3d 109, 120 (2$^d$ Cir. 1999).  At this stage of the litigation, there is insufficient evidence to make a conclusion as to whether CIS's failure to adjudicate the plaintiff's petition was unreasonable.  However, considering in a light most favorable to the plaintiff the fact that he has been in limbo for fifteen months waiting for a final decision, the Court finds the plaintiff has satisfied his burden of stating a claim for relief that is plausible on its face.  Accordingly, the defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) is denied.

## IV.  CONCLUSION

The Court grants the plaintiff's unopposed motions to strike the affidavit, fact sheet, and declaration filed in support of the defendants' motion.  For the reasons above set forth, the defendants' motion to dismiss is denied.

IT IS SO ORDERED.

  /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date:  13 August 2007